In the Matter of D. S. S. on Behalf of JULIA RADOSLOVICH, Appellant, v DOMINICK J. RADOSLOVICH, Respondent.—Appeal by petitioner wife from an order of the Family Court, Orange County, dated August 8, 1978, which permitted certain visitation to the respondent without first holding a full hearing. Order affirmed, without costs or disbursements. Petitioner, if she be so advised, should proceed by proper petition for any change in visitation she desires, at which time a full hearing may be held and the court can then consider the taking of psychiatric testimony and the appointment of a Law Guardian for the children of the parties. Hopkins, J. P., Damiani, Rabin and Margett, JJ., concur.

In the Matter of ANTHONY RUOCCO, Appellant, v DONALD A. DOYLE et al., Respondents. ANTHONY RUOCCO, Appellant, v DONALD A. DOYLE et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioner to his former position as an elementary school principal, which proceeding was consolidated with an action, *inter alia,* to declare petitioner's purported resignation to be null and void, the appeals are from (1) a judgment of the Supreme Court, Suffolk County, entered February 3, 1978, which dismissed the petition and the complaint, and (2) a further judgment of the same court, entered March 2, 1978, which awarded costs to respondents. Judgment entered February 3, 1978 modified, on the law, by deleting the first decretal paragraph thereof, which dismissed the complaint, and substituting therefor a provision declaring that petitioner's resignation from his position as an elementary school principal was voluntary and not a result of fraud, duress or collusion, and was therefore not against the public policy of this State (see *Lanza v Wagner,* 11 NY2d 317, 334). As so modified, judgment entered February 3, 1978 affirmed and judgment entered March 2, 1978, affirmed, without costs or disbursements, on the opinion of Mr. Justice Geiler at Special Term. Mollen, P. J., Latham, Damiani and Titone, JJ., concur.